**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JASON R. WHITE,**

                **Petitioner,**

                **v.**                      **Civil No. 9:01-CV-0238**
                                                  **(GLS/DEP)**

**HANS WALKER,**

                **Respondent.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**

JASON R. WHITE
Petitioner, *Pro Se*
96-B-1280
Auburn Correctional Facility
135 State Street
Auburn, New York 13021

**FOR THE RESPONDENT:**

HON. ANDREW CUOMO          SENTA B. SIUDA
Office of the Attorney General     Assistant Attorney General
Syracuse Office
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

After Jason R. White filed a *habeas corpus* petition challenging his New York State conviction and sentence for murder in the second degree, *see Dkt. No. 1*; *see also* 28 U.S.C. § 2254, his petition was referred to Magistrate Judge David E. Peebles for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254; N.D.N.Y. R. 72.3(c). Subsequently, Judge Peebles issued a report recommending that the petition be denied. *See Report-Recommendation ("R&R"), Dkt. No. 28*.[1]

Broadly construing White's petition, Judge Peebles concluded that it raised the following issues: (1) whether White's appellate counsel was ineffective; (2) whether White's trial counsel was ineffective; (3) the voluntariness of White's guilty plea; (3) whether the prosecution engaged in misconduct during his plea allocution; (5) whether White was denied due process because of judicial misconduct at the time of his plea; (6) whether Judge Nicandri, the State court judge, lacked the necessary objectivity when considering the circumstances relating to his case; and (7) whether

---

[1] The Clerk is directed to append the Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 28*.

Judge Nicandri's failure to conduct a competency hearing violated White's due process rights. Ultimately, Judge Peebles concluded that all claims lacked merit and recommended that White's petition be denied. *See Dkt. No. 28.*

White has now filed timely objections to Judge Peebles' report. *See Dkt. No. 29*. White's sole specific objection will be reviewed under a *de novo* standard, while the remainder of his objections are unspecific and will be reviewed under a clearly erroneous standard. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

White's sole specific objection attacks the standard of review employed by Magistrate Judge Peebles in consideration of White's petition. Specifically, White argues that Judge Peebles erred when he applied the standard of review dictated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Having reviewed Judge Peebles' report *de novo*, the court concludes that Judge Peebles used the appropriate standard of review in considering each and every one of the grounds raised

in White's petition.

The remainder of White's objections do not specifically address Judge Peebles' factual and legal conclusions. Instead, White has simply repeated the facts and arguments contained in his original petition. His objections contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims. Given the inadequacy of these objections, he has procedurally defaulted. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006). Accordingly, the court has reviewed the remainder of Judge Peebles' report and recommendation for clear error. *See Almonte*, 2006 WL 149049, at *6. Having discerned none, the court adopts the report and recommendation in its entirety.

**WHEREFORE**, and for the reasons stated, it is hereby

**ORDERED** that White's application for *habeas corpus* relief is **DENIED** and his petition is **DISMISSED**; and it is further

**ORDERED** that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

January 18, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge